[Civ. No. 474. Third Appellate District.—April 24, 1908.]

## S. DICKINSON, Petitioner, v. W. S. KINGSBURY, Surveyor General and Ex-officio Register of State Land Office, Respondent.

MANDAMUS—ARREST OF ORDER BY PROCEDURE IN UNITED STATES COURT.— It may be doubted whether this court should, under any circumstances, interpose by *mandamus* to arrest the orderly procedure in a United States court, acting within its power conferred by the constitution of the United States and the laws of Congress.

ID.—CRIMINAL ACTION—SUBPOENA DUCES TECUM TO REGISTER OF STATE LAND OFFICE—MANDAMUS NOT PERMISSIBLE.—Where, in a criminal action in a federal court, the United States regularly obtained a subpoena *duces tecum*, requiring the register of the state land office to appear therein, as a witness, and bring with him certain official documents, papers and records therein designated, *mandamus* will not lie to prevent compliance with such subpoena, on the ground that the petitioner and other citizens of the state will be deprived of the use of the records, and of the right to inspect the same, for the deraignment of title to lands.

PETITION for writ of mandate.

The facts are stated in the opinion of the court.

Chas. H. Fairall, Archibald Yell, and A. M. Seymour, for Petitioner.

U. S. Webb, Attorney General, Malcolm C. Glenn, and Robert T. Devlin, for Respondent.

THE COURT.—This is an application for an alternative writ commanding the defendant, as surveyor general of the state of California and *ex-officio* register of the state land office, to desist from removing certain public records from the state and to permit plaintiff to inspect the same.

It appeared at the hearing that certain criminal actions are now in progress of trial at the city of Washington, District of Columbia, before a United States court, wherein the United States is plaintiff and certain citizens thereof are defendants, in which said actions the defendants are charged with violating certain of the laws of the United States; that the United States made application to the said court, pursuant to the practice in said court in such cases made and provided, that a subpoena *duces tecum* issue to the defendant in the present proceeding commanding him to appear before said court, as a witness in said criminal actions, and bring with him certain official documents, papers and records in said subpoena designated and also referred to in the petition herein, and that at the hearing of said application the parties to said criminal action appeared, and that said court, after due deliberation, duly made and entered its order directing said subpoena to issue; that the defendant herein is about to and will obey said subpoena unless restrained from so doing by this court.

At the hearing of the petition herein, the attorney general of the state appeared and opposed the granting of said writ, and made no objection to the defendant's proceeding at once to obey said subpoena. The only interest in said records which plaintiff alleges she has, and the only damage averred in her petition that she will suffer by their temporary removal, are set forth as follows: "That plaintiff and all other citizens and taxpayers of the State of California will be deprived of the use of said records and of the right to inspect the same"; and also that "plaintiff desires to examine and inspect said records in order to show the deraignment of title to said lands, and that there is no other method or means known whereby the plaintiff can secure the facts and information contained in said records."

It may well be doubted whether, under any circumstances, this court should interpose to arrest, in the way here proposed, the orderly procedure in a United States court, acting within its powers conferred by the constitution of the United

States and the laws of Congress. But however this may be, we are fully satisfied that we should not do so upon the showing here made.

The writt is denied.